UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:26-cv-00260

**Nawana Gray,**
*Plaintiff,*
v.
**McLemore Heirs LLC et al.,**
*Defendants.*

# ORDER

Plaintiff, proceeding pro se and seeking in forma pauperis status, brought this suit alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, her due-process rights, and state law. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that plaintiff's case be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim. Doc. 5.

## I. Standard of review

When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not

presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Here, plaintiff did not timely file objections to the report, but filed an amended complaint (Doc. 6), a motion for a temporary restraining order (Doc. 8), a motion for a preliminary injunction (Doc. 9), and an amended motion to proceed in forma pauperis (Doc. 10).

To the extent plaintiff's filings can be construed as objections, the court has reviewed the record de novo. Fed. R. Civ. P. 72(b)(3).

**II. Plaintiff's amended complaint**

Plaintiff's amended complaint is nearly identical in scope and substance to her original complaint. Plaintiff alleges that she is one of six heirs to the Gray family mineral estate in Gregg and Panola Counties, Texas, and that title passed by inheritance from Hamon Gray to Melvina Gray, then to Donald Wayne Gray, Sr., and ultimately to his six children, including plaintiff, without any lawful conveyance divesting the heirs of their mineral interests. Doc. 6 at 2–4. Plaintiff further alleges that attorney B. Regan McLemore, who purportedly served as counsel to Hamon Gray, breached fiduciary duties to the estate and that McLemore and related entities thereafter asserted adverse ownership claims and continued to benefit from interests allegedly derived from those breaches through trusts, tax payments, and other assertions of ownership. *Id.* at 5. Plaintiff also alleges that county property records contain numerous title irregularities, foreclosure records, mechanic's liens, child-support liens, and related filings, which allegedly contributed to confusion regarding ownership and payment administration. *Id.* at 5–6. Plaintiff contends that defendants continued administering production, ownership records, acreage calculations, division orders, and royalty payments based on disputed ownership records despite receiving affidavits of heirship, deeds, and other documentation submitted by plaintiff. *Id.* at 6–7. Plaintiff alleges that defendants improperly relied upon division orders to reduce royalty interests and redirect payments without

any conveyance, probate decree, or lease amendment authorizing such changes and that she unsuccessfully pursued administrative, professional, and non-judicial remedies before filing suit. *Id.* at 7. As a result, plaintiff claims that defendants' conduct has caused continuing ownership disputes, royalty underpayments, impairment of title, investigation expenses, professional fees, and other monetary damages. *Id.* at 7–8.

Based on these allegations, plaintiff asserts the same claims asserted in her original complaint: (1) RICO violations; (2) violations of 42 U.S.C. § 1983; and (3) state-law claims for an accounting, unjust enrichment, constructive trust, and royalty underpayment. *Id.* at 11–32.

**III. Analysis**

Under 28 U.S.C. § 1915(e)(2), federal courts must screen and dismiss the case of an in forma pauperis plaintiff if the court determines at any time that the action is frivolous or fails to state a claim on which relief may be granted. A complaint fails to state a claim where it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all well-pleaded facts as true, but it need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023). These requirements apply even though pro se complaints are liberally construed and held to less stringent standards. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff's amended complaint still does not assert any viable claims.

**a. RICO claims**

Plaintiff generally alleges that defendants engaged in a pattern of racketeering activity involving mail and wire fraud to divert oil and gas proceeds from the Gray heirs. Doc. 6 at 8–10. But these

allegations assert a conclusory enterprise without identifying any person who is distinct from the enterprise as required by § 1962(c). *Abraham v. Singh*, 480 F.3d 351, 354–55 (5th Cir. 2007); *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1001 (S.D. Tex. 1995) ("[t]he language of the statute contemplates that the 'person' must be associated with a separate 'enterprise' before there can be RICO liability on the part of the 'person.'"). Plaintiff fails to allege conduct of any specific defendant.

Moreover, although plaintiff alleges predicate acts that are based in fraud, plaintiff fails to plead those acts with the specificity required by Rule 9(b). *Molina-Aranda v. Black Magic Enters., LLC*, 983 F.3d 779, 784 n.2 (5th Cir. 2020) (predicate acts of fraud alleged in connection with a RICO claim must meet Rule 9(b)'s heightened pleading standard). Plaintiff alleges no facts regarding the "the who, what, when, and where" of the alleged mail fraud and wire fraud. *Id.* at 784. Thus, plaintiff has failed to state a civil RICO claim. Because plaintiff has not alleged a civil RICO claim under § 1962(c), her derivative conspiracy claim under § 1962(d) also fails. *See Bonton*, 889 F. Supp. at 1005 (finding that because plaintiff "failed properly to allege a violation of § 1962(c), her § 1962(d) claim is without basis").

**b. 42 U.S.C. § 1983 claims**

Plaintiff's § 1983 allegations remain devoid of state action. A claim brought pursuant to § 1983 requires conduct by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, none of the named defendants are alleged to be state actors. Rather, all appear to be private entities. As such, plaintiff has failed to allege a viable § 1983 claim.

**c. State claims**

Plaintiff's remaining claims are brought under state law. Doc. 6 at 11–13. She asserts these claims as "accounting," "unjust enrichment/money had and received," "constructive trust," and "royalty underpayment." *Id.* These allegations are conclusory and fail to state a claim.

### IV. Injunctive relief

Plaintiff continues to pursue injunctive relief both in her amended complaint and her motions for a temporary restraining order and preliminary injunction. Doc. 6; Doc. 8; Doc. 9. It is well-settled that a party must prove four elements to be entitled to a temporary restraining order or a preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (en banc). Because the claims are all subject to dismissal for the reasons discussed above, plaintiff cannot show a likelihood of success on the merits. Plaintiff is therefore not entitled to injunctive relief.

### V. Leave to amend

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court, however, can deny leave if amendment is futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Fifth Circuit has stated that amendment is futile when "the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (per curiam) (citation omitted).

After having been made aware of the deficiencies in her pleading through the magistrate judge's report, plaintiff has now amended her complaint to no avail. Further amendment would be futile because "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which [the] complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (citation omitted). Plaintiff's entire factual basis for her claims is based on a decade-old property dispute which she has attempted to recharacterize in terms of RICO. The court perceives no way in which this factual scenario might support a tenable theory under RICO. Further, plaintiff's additional allegations

have provided no indication that an amendment could cure the deficiencies as plaintiff has not sued any entity alleged to be a state actor and the remaining claims are not rooted in a discernable cause of action.

**VI. Conclusion**

Having reviewed the record and being satisfied that there is no error, the court accepts the report's findings and recommendations. The court dismisses plaintiff's claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Any pending motions are denied as moot.

*So ordered by the court on September 11, 2026.*

J. CAMPBELL BARKER
United States District Judge